J. M. THOMAS, ET AL. *v.* O. S. TENNY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—44.]

**Vendor's Lien on Sale of Land.**

When notes are executed for the purchase of land and a deed is made reserving a lien, not for the sum of the notes, but for a less sum, the lien will be effective as to the amount thereof.

APPEAL FROM WOLFE CIRCUIT COURT.

June 11, 1885.

OPINION BY JUDGE PRYOR:

The demurrer to the petition as amended should have been overruled. It is evident that the notes excuted to the two sons of the vendor, Congleton, were executed for the land in controversy, and that the deed was made to Tenny after the land had been sold and notes executed.

The two notes are for six hundred and nineteen dollars, when the lien was retained for only six hundred dollars.

Why the discrepancy in the notes or the difference between the amount of the lien retained and the amount of the notes does not distinctly appear. It may be by reason of the interest added, but whether or not, the lien can only be enforced for the six hundred dollars from the date of its maturity, as expressed in the deed. There is no pretense that there is any other note for the land than the notes held by the two sons and assigned to Thomas. If so, it can be made readily to appear by answer. The judgment is reversed with directions to overrule the demurrer that the parties may answer.

Judgment *reversed.*

*H. C. Lilly & Son,* for appellants.

*J. J. Cornelison,* for appellees.